```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

LESLIE CHEATHAM AND                    CIVIL ACTION
ROBIN CHEATHAM

VERSUS                                 NO: 06-7349

STATE FARM INSURANCE COMPANIES         SECTION: "J" (5)
```

### ORDER AND REASONS

Before the Court is plaintiffs' Motion to Remand. (Doc. 6.) The motion is opposed. (Doc. 11.) For the following reasons the Court finds that the motion should be GRANTED.

### BACKGROUND

Plaintiffs' home was damaged by Hurricane Katrina. Plaintiffs submitted claims to defendant pursuant to their homeowner's policy. The policy provided coverage limits of $364,219 for the dwelling and $273,164 for the contents of the property. After inspecting the property, defendant paid plaintiffs $26,253.85 for damage to the dwelling, and $7,622.01 for damage to the contents. Plaintiffs were unsatisfied with the payment and sued in state court to recover the remainder of what

they believe they are owed. Plaintiffs stipulated in their state petition that the amount in controversy did not exceed $75,000 inclusive of penalties and attorney's fees, but they did not file a binding waiver of their entitlement to any award over that amount. Defendant removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332, and the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively a defendant

can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id.* After the defendant has met its burden, the plaintiff must prove to a legal certainty that its recovery will not exceed the jurisdictional amount. *Id.* A defendant must do more than point to a state law that might allow a plaintiff to recover more than he pled. *Id.* The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

Regarding diversity jurisdiction, both plaintiffs and defendant focus on the effect of the stipulation of damages contained in the petition. Because Louisiana allows a party to be awarded what they are owed even if it is more than they plead, federal courts have required a binding affidavit or stipulation to be filed with the complaint in order for plaintiffs to establish to a legal certainty that they will not recover the jurisdictional amount. *Id.* at 724. However, wrangling over the stipulation skips a step in the analysis. As noted above, defendant bears the burden of establishing as an initial matter that the amount in controversy exceeds $75,000. Only when this is done, do plaintiffs have to prove to a legal certainty that they

cannot recover the jurisdictional amount.

Defendant does not present summary judgment-type evidence of facts in controversy, looking instead at the face of the petition. Defendant does present an affidavit regarding the value of the policy and the amount of payments already made on it, and these facts have not been contested. Here the face of the petition indicates that there was extensive damage to the home, that some payments were made, but that the payments did not cover the full extent of the damage. There is no indication that the amount unpaid, plus any penalties or attorney's fees will exceed $75,000. Defendant's evidence about the policy limits and the amounts already paid are irrelevant without some indication of how much damage is being claimed as yet unpaid. Plaintiff's reference to "extensive damage" in the petition does not make it apparent to this Court that it has jurisdiction.

Regarding the argument that federal jurisdiction over this run-of-the-mill homeowner's insurance dispute exists under the MMTJA, this Court rejects defendant's interpretation of the MMTJA for the same reasons set forth by the undersigned in *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006).

4

**CONCLUSION**

Defendant has failed to meet its burden of proving that jurisdiction exists. Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 6) is **GRANTED**; the above-captioned action is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana this the 28th day of November, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE